UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

December 4, 2008

**LETTER ORDER**

Re:   **Daewoo Electronics America Inc., et al. v. T.C.L. Industries (H.K.) Holdings, et al.
Civil Action No. 08-2287 (JAP)**

Dear Counsel:

Currently pending before the Court are Defendants' Motion to Dismiss [Docket Entry No. 17] and Plaintiffs' Cross Motion to Amend [Docket Entry No. 25]. The Court has considered all papers submitted in support of and opposition to these Motions. For the reasons stated more fully below, Plaintiffs' Cross Motion to Amend is DENIED without prejudice. Defendants' Motion to Dismiss shall be held in abeyance pending Plaintiffs' opportunity to file a renewed Motion to Amend in accordance with the terms of this Order.

Plaintiffs seek leave pursuant to FED.R.CIV.P. 15(a)(2) to file a Second Amended Complaint in order to correct the alleged shortcomings (as identified by Defendants in their Motion to Dismiss) that are contained in Plaintiffs' Amended Complaint. Specifically Plaintiffs seek to address the following three alleged shortcomings in their Second Amended Complaint: (1) they seek to dismiss Plaintiff Daewoo Electronics Corp. as a plaintiff in this matter because Daewoo Electronics Corp. is not a named party to the Guaranty at issue; (2) they seek to reduce their claim from $7,775,670.98 to the sum of $5 million as set forth in the Guaranty; and (3) they seek to add allegations regarding

the fact that the Guaranty, while dated December 4, 2003, was not executed until some time in 2004 and that the 12-month time limitation set forth in the Guaranty runs from the date it was executed in 2004, not December 4, 2003. Plaintiffs argue that they should be permitted leave to file their proposed Second Amended Complaint pursuant to Rule 15 because Defendants will not be prejudiced if such leave is granted as Defendants have not yet filed an answer and no discovery has yet occurred in this matter.

Defendants oppose Plaintiffs' Cross Motion to Amend arguing that the proposed "Second Amended Complaint still fails to correct a significant pleading omission detailed in the Motion to Dismiss. Specifically, the Second Amended Complaint (like the Amended Complaint) does not allege that the amounts owed by Go Video to Daewoo America fall within the strict subject matter limits of the Guaranty, which requires that amounts owing to Daewoo America pursuant to the Guaranty *exclusively relate to goods delivered to Go Video*." (Def. Br. in Further Support of Motion to Dismiss and in Opposition to Plaintiffs' Cross Motion to Amend ("Def. Reply Br.") at 1 (Emphasis in original)). Defendants argue that without such an allegation, "the Second Amended Complaint remains facially and fatally defective." (*Id.*) Defendants also claim Plaintiffs' proposed Second Amended Complaint is also deficient because it fails to allege that the entirety of the $5 million at issue was incurred during the 12-month time limitation set forth in the Guaranty. Given these failures, Defendants argue that Plaintiffs' proposed Second Amended Complaint fails to meet the pleading standards set forth in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007). As a result, Defendants request that the Court deny Plaintiffs' Cross Motion to Amend and grant their Motion to Dismiss in its entirety.

Pursuant to Rule 15(a), leave to amend the pleadings is generally given freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless,

2

the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393 F.3d at 400. Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Moreover, unless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reason for its delay. *See Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981).

The Court finds that here, there is no evidence of undue delay, bad faith or dilatory motive on the part of the movant; nor has there been a repeated failure to cure deficiencies by amendments

previously allowed. Similarly, the Court finds that under the circumstances of this case, where discovery has not yet begun, and, in fact, the initial Rule 16 conference has not yet occurred, permitting Plaintiffs' proposed amendments would not unfairly prejudice Defendants if the amendments are not futile.

A proposed amendment is futile when it would not survive a motion to dismiss. *Alvin*, 227 F.3d at 121 (3d Cir. 2000). In evaluating a motion to dismiss, the Court "must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them." *(Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Further, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks and citations omitted). Indeed, in order to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965.

Under the controlling pleading standards set forth in *Twombly*, the Court finds that Plaintiffs' proposed amendments to dismiss Daewoo Electronics Corp. as a plaintiff and to reduce their claim from $7,775,670.98 to the sum of $5 million as set forth in the Guaranty are not futile. However, the Court finds that Plaintiffs' failure to include any allegations in their proposed Second Amended Complaint that the monies allegedly due and owing to Plaintiff Daewoo Electronics America, Inc. fall within the scope of the Guaranty's subject matter (i.e. they relate to "'the goods delivered to the Debtor [Go Video] by [Daewoo Corp.]'" is fatal to Plaintiffs' Motion to Amend. (Def. Reply Br. at 3 (quoting Guaranty ¶ 1)). The Court finds that without any such allegations, under *Twombly*,

Plaintiffs' proposed Amended Second Complaint would not survive a motion to dismiss and is therefore futile.[1]

Nevertheless, the Court shall not dismiss Plaintiffs' action at this time, but instead, given the preference that cases be decided on their merits, the Court shall give Plaintiffs an additional opportunity to cure the pleading deficiencies currently present in their Complaint. *See Arista Records, Inc. v. Flea World, Inc.*, 356 F.Supp.2d 411, 419 (D.N.J. 2005) (noting that "[t]he Third Circuit has expressed a preference for liberally allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities.") Plaintiffs are therefore instructed that they have until **December 26, 2008** to file a renewed Motion to Amend that seeks leave to file a Second Amended Complaint that cures the pleading deficiencies currently contained in their Amended Complaint. Plaintiffs are further instructed that in their papers seeking leave to file a Second Amended Complaint they must indicate whether Defendants consent to their proposed amended pleading. In the interim, the Court shall hold in abeyance its decision on Defendants' Motion to Dismiss. Further, the Court shall exercise its discretion to control its docket and shall administratively terminate Defendants' Motion to Dismiss, pending a decision on Plaintiffs' renewed Motion to Amend. *See U.S. S.E.C. v. Infinity Group Co.*, 212 F.3d 180, 197 (3d Cir. 2000) (stating that "[m]atters of docket control and scheduling are within the sound discretion of the district court.") If necessary, the Court will reactivate Defendants' Motion to Dismiss after Plaintiffs' renewed Motion to Amend has been decided.

**IT IS SO ORDERED.**

---

[1] Because the Court finds that Plaintiffs' proposed Second Amended Complaint would be futile based on this omission, the Court does not reach the issue of whether Plaintiffs' failure to state that the entirety of the $5 million allegedly due under the Guaranty was incurred during the 12- month time limitation set forth in the Guaranty would also be fatal to Plaintiffs' Motion.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend is DENIED without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **December 26, 2008** to file a renewed Motion to Amend in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court administratively terminate Defendants' Motion to Dismiss.

**IT IS FURTHER ORDERED** that the Clerk of the Court terminate these Motions [Docket Entry Nos. 17 and 25] accordingly.

          s/ Tonianne J. Bongiovanni
         **TONIANNE J. BONGIOVANNI**
         **United States Magistrate Judge**