UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                              :
DAEWOO ELECTRONICS                            :
AMERICA, INC., and DAEWOO                     :
ELECTRONICS CORP.,                            :
                                              :
          Plaintiffs,                  :     Civil Action No. 08-2287 (JAP)
    v.                                      :
                                              :     **OPINION**
T.C.L. INDUSTRIES (H.K.) HOLDINGS             :
LIMITED a/k/a T.C.L. INDUSTRIES              :
HOLDINGS (H.K.) LIMITED and                   :
OPTA CORPORATION f/k/a LOTUS                  :
PACIFIC, INC.,                                :
                                              :
          Defendants.                  :
_____ :

PISANO, District Judge:

    Presently before the Court is plaintiffs Daewoo Electronics America, Inc. and Daewoo Electronics Corp.'s (collectively "Daewoo") motion for summary judgment, and Defendants T.C.L. Industries (H.K.) Holdings Limited a/k/a T.C.L. Industries Holdings (H.K.) Limited ("T.C.L.") and Opta Corporation f/k/a Lotus Pacific, Inc.'s ("Opta") (collectively "Defendants") cross-motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. Docket Entry No. 76 & 78. After reviewing the papers submitted, and hearing oral argument from all parties on July 13, 2010, the Court finds that the guaranty Daewoo now seeks to enforce expired on December 3, 2004, and that the debt Daewoo seeks to collect pursuant to the guaranty was incurred outside the guaranty period. Therefore, for the reasons set forth more fully below, Plaintiffs' motion for summary judgment is denied, and Defendants' motion for partial summary judgment is granted.

   I.   Background

Opta Systems, LLC d/b/a GoVideo ("GoVideo") was a Delaware corporation in the business of selling electronic equipment, including DVD and VHS combination player units, manufactured by other companies in accordance with patents owned by GoVideo.  Affidavit of Christopher Porter ("Porter Affidavit") at ¶¶ 4, 7.  Daewoo manufactured DVD and VHS combination player units for GoVideo.  *Id*. at ¶ 9.  GoVideo then sold the units to third-party retailers, including Costco.  *Id*. at ¶ 7.  Opta and T.C.L. are corporations affiliated with GoVideo.  Opta was GoVideo's parent company, and T.C.L. is a minority shareholder in Opta.  *Id.* at ¶¶ 5, 6.

Daewoo initially sold merchandise to GoVideo on a net-30 day open account.  *See id.* at ¶ 12.  At some point, GoVideo sought more favorable credit terms from Daewoo.  *See id*.  Daewoo required a guaranty of payment from Opta and T.C.L., as GoVideo's corporate affiliates, before it would agree to sell merchandise to GoVideo on a net-60 day open account.  *Id*.  T.C.L. and Opta executed a written guaranty dated December 4, 2003, guarantying payment for merchandise shipped within 12 months of execution of the guaranty.  *Id.* at Exh. A.  T.C.L. and Opta's liability under the guaranty was limited to $5,000,0000.  *Id*.  The final guaranty was signed by all parties sometime between January 20, 2004 and February 5, 2004.  July 13, 2010 Motion Hearing Transcript ("Tr.") at 6:19- 7:17.  Daewoo began shipping merchandise on the new payment terms in December 2003.  Porter Affidavit at Exh. S.

The parties discussed modification of the guaranty in December 2004.  *Id*. at Exh. B.  The draft modification states the modification is "effective retrospectively from December 4, 2003." *Id*. at Exh. C.  The proposed modification was never agreed to by the parties and the original guaranty expired, according to its terms, on December 3, 2004.  *See id*. at ¶ 21.

GoVideo did not pay Daewoo for merchandise shipped in late December 2004, and January 2005.  Third Amended Complaint, Docket Entry No. 40.  Daewoo filed suit against Opta in the Superior Court of the State of California, County of San Mateo ("California Action") for breach of the guaranty.  Porter Affidavit at Exh. Q.  Daewoo alleged that "[o]n or about December 4, 2003, Defendant made, executed and delivered to Plaintiff, a written continuing guaranty . . . Defendant unconditionally guaranteed the full payment of all obligations and liabilities of Opta Systems, LLC dba Go Video."  *Id.*  GoVideo subsequently filed suit against Daewoo in the United States District Court for the District of New Jersey in November 2005, alleging that the goods delivered by Daewoo were defective and that Daewoo used unlicensed trademarks and sold counterfeit goods to GoVideo and its customers (the "New Jersey Action").  *Id*. at Exh. R.  Daewoo filed an answer and counter-claims in the New Jersey Action alleging that GoVideo had failed to pay for goods it received from Daewoo.  *Id*. at Exh. S.

The California Action was stayed pending the outcome of the New Jersey Action.  Daewoo's Statement of Material Facts Not in Dispute ("Daewoo's Statement of Facts") at ¶ 7.  GoVideo abandoned the New Jersey Action, and this Court entered a default judgment against GoVideo and in favor of Daewoo for $7,775,670.98 on April 27, 2007.  *Id*. at ¶ 8.  Daewoo subsequently withdrew from the California Action and instituted this suit against T.C.L. and Opta on May 13, 2008.  *Id*. at ¶ 10; Complaint, Docket Entry No. 1.

In this action, Daewoo is seeking partial payment of its default judgment against GoVideo under the guaranty, which Daewoo alleges was in force from February 5, 2004 through February 4, 2005.  *See* Third Amended Complaint, Docket Entry No. 40.  Daewoo asserts in its Third Amended Complaint, filed on February 9, 2009, that although the guaranty is dated December 3, 2004, it did not become effective until it was received, fully executed, from Opta

3

and T.C.L. on February 5, 2004. *Id*. Opta and T.C.L. deny liability under the guaranty. Opta Corporation's Answer to the Third Amended Complaint, Docket Entry No. 45; Answer and Affirmative Defenses of T.C.L. Industries (H.K.) Holdings Limited and Amended Answer of Opta Corporation, Docket Entry No. 55. They note in their answers that the guaranty is dated December 4, 2003 and refer to the Court to the guaranty for a recitation of its full terms and conditions. *Id*.

On April 8, 2010, Daewoo filed a motion for summary judgment arguing that Opta and T.C.L. are liable under the guaranty for $5,000,000 of the $7,775,670.98 default judgment it obtained against GoVideo. Memorandum of Law in Support of Plaintiff Daewoo Electronics America Inc.'s Motion for Summary Judgment ("Pl. Br."), Docket Entry No. 76. Opta and T.C.L. oppose Daewoo's motion for summary judgment and have filed a cross-motion for summary judgment arguing that the guaranty expired on December 3, 2004, that the GoVideo obligations Daewoo now seeks to collect were incurred outside of the guaranty period, and that they are not liable to Daewoo under the guaranty. Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendant's Cross-Motion for Partial Summary Judgment ("Df. Br."), Docket Entry No. 78.

II.     Standard of Review

To prevail on a motion for summary judgment, the moving party must establish "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The district court must determine whether disputed issues of material fact exist, but the court cannot resolve factual disputes in a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In determining whether a genuine issue of material fact exists, the court must view the facts in the light most favorable to the non-moving party and extend all reasonable inferences to that party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Stephens v. Kerrigan,* 122 F.3d 171, 176-77 (3d Cir.1997). The moving party always bears the initial burden of demonstrating the absence of a genuine issue of material fact, regardless of which party ultimately would have the burden of persuasion at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its opening burden, the non-moving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Id.* at 324. Thus, the non-moving party may not rest upon the mere allegations or denials of its pleadings. *Id.* "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

Once the moving-party has demonstrated to the court the absence of a material fact at issue, the Supreme Court has stated that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts...." *Matsushita,* 475 U.S. at 586-87 (citations omitted). In other words, "[i]f the evidence [submitted by the non-moving party] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson,* 477 U.S. at 249-50 (citations omitted).

The Supreme Court has specifically recognized that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses, and [ ] that [the rule] should be interpreted in a way that allows it to accomplish this purpose."

*Celotex,* 477 U.S. at 323-24.  Thus, "[w]hen the record is such that it would not support a rational finding that an essential element of the non-moving party's claim or defense exists, summary judgment must be entered for the moving party." *Turner v. Schering-Plough Corp.,* 901 F.2d 335, 341 (3d Cir.1990).

III.     Discussion

A Court must seek the meaning and intention of the parties when interpreting the terms of a contract.  *In re S.A. Holding Co., LLC*, 357 B.R. 51, 58 (Bankr. D.N.J. 2006).  However, when the intention and meaning of the parties is "complete, clear, and unambiguous" on the face of a contract, extrinsic and parol evidence will not be permitted to create an ambiguity.  *Wellington v. Estate of Wellington*, 359 N.J. Super. 484, 495 (N.J. App. Div. 2003) (citations omitted). When a contract is clear on its face, the actual intent of the parties is ineffective because it is "the intent expressed or apparent in the writing that controls."  *See Newark Publishers' Ass'n v. Newark Typographical Union, No. 103*, 22 N.J. 419, 427 (N.J. 1956).

Daewoo argues that the guaranty did not become effective until February 5, 2004, and has submitted evidence to show that the parties continued to negotiate the terms of the guaranty into January 2004, and that the signed guaranty was not delivered to Daewoo by T.C.L. and Opta until February 5, 2004.  Declaration of Tai Cho in Support of Motion for Summary Judgment ("Cho Declaration").  In this case, the date that the guaranty became effective is a central issue. If the guaranty was in effect from December 4, 2003 through December 3, 2004, Daewoo cannot recover under the guaranty.  If the guaranty was effective from February 5, 2004 through February 4, 2005, however, Daewoo may be able to recover $5,000,000 of the $$7,775,670.98 default judgment it currently has against GoVideo.

Opta and T.C.L. agreed to guaranty GoVideo's obligations to Daewoo incurred during "the 12 month period from the date of execution of this Guaranty." The only date that appears on the fully executed guaranty is December 4, 2003. Porter Affidavit at Exh. A. The date appears at the top of the document, not on the signature page, and there is no space on the signature page for the signors to insert an execution date. The Court finds that by including only one date at the top of the guaranty, and leaving no space to insert a date on the signature page, the parties have demonstrated their intent that the guaranty take effect on December 4, 2003. Had the parties intended a date other than December 4, 2003 as the effective date, they could have omitted that date at the top of the guaranty and included a space on the signature page for insertion of an execution date. The Court concludes that the 12-month term of the guaranty began on December 4, 2003 and expired on December 3, 2004. The Court rejects the Daewoo's evidence, submitted after the fact, that the guaranty was not executed until February 5, 2004 because the guaranty is clear on its face and it appears that the Cho Declaration is offered in an effort to raise questions of fact.

The invoices underlying Daewoo's default judgment against GoVideo were shipped between December 23, 2004 and January 31, 2005. The guaranty expired by its terms on December 3, 2004. T.C.L. and Opta are, therefore, not contractually obligated to pay Daewoo under the guaranty, and Daewoo cannot maintain a cause of action against either defendant. Accordingly, T.C.L. and Opta's cross-motion for partial summary judgment is granted.

IV.   Conclusion

For the reasons set forth above, the Court concludes that Defendants are not liable under the guaranty. Accordingly, Plaintiff's motion for summary judgment is denied, and Defendants' motion for summary judgment is granted. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO<br>United States District Judge

Date:  August 19, 2010