UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAEWOO ELECTRONICS AMERICA, INC., | : <br> : <br> : <br> : |
| Plaintiff, | :    Civil Action No. 08-2287 (JAP) |
| v. | : <br> :    **ORDER** |
| T.C.L. INDUSTRIES (H.K.) HOLDINGS LIMITED a/k/a T.C.L. INDUSTRIES HOLDINGS (H.K.) LIMITED and OPTA CORPORATION f/k/a LOTUS PACIFIC, INC., | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

PISANO, District Judge:

      Presently before the Court is a Motion for Reconsideration filed by plaintiff Daewoo Electronics America, Inc. ("Plaintiff") pursuant to Local Civil Rule 7.1(i).  Plaintiff moves the Court to reconsider its denying Plaintiff's Motion for Summary Judgment and granting the Cross-Motion for Partial Summary Judgment of T.C.L. Industries (H.K.) Holdings Limited a/k/a T.C.L. Industries Holdings (H.K.) Limited and Opta Corporation f/k/a Lotus Pacific, Inc. (collectively, "Defendants").  At issue in the case was a guaranty by Defendants to pay for merchandise shipped by Plaintiff within twelve months of the execution of the guaranty.  If, as Plaintiff asserted, the term of the guaranty ran from February 5, 2004—the date it was allegedly received by Defendants, fully executed—then Defendants owe Plaintiff $5,000,000.  The Court concluded, however, that because December 4, 2003 was the only date included in the guaranty, it evidenced the parties' intent that the term begin then and Plaintiff cannot recover under the guaranty.

Reconsideration is an extraordinary remedy that is normally appropriate only when one of the following three grounds for relief is established: "(1) 'an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.'" *Carmichael v. Everson*, 2004 WL 1587894, *1 (D.N.J. May 21, 2004) (quoting *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.,* 825 F. Supp. 1216, 1220 (D.N.J.1993); *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)). The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]" *Id.* (internal quotation marks omitted).

The Court finds that Plaintiff has not met the high burden of establishing adequate grounds for reconsideration. Plaintiff does not argue that an intervening change in the controlling law has occurred or that new evidence has become available; instead, it bases its motion on the Court's supposed "clear legal error." (Mot. for Recons. 2). First, Plaintiff claims the Court overlooked language in the guaranty at issue stating that the term shall be measured from the "date of execution" and not from an "effective date." (Mot. for Recons. 1). The Court, however, specifically addressed this language in its Opinion dated August 19, 2010 ("Opinion"), concluding that the term began on December 4, 2003 and expired December 3, 2004. (Opinion 7). This claim is merely an attempt to reargue the case.

The Plaintiff also claims that the Court overlooked the controlling authority of *Fox v. Stuyvesant Town, Inc.*, 66 A.2d 47 (N.J. Super. Ct. Ch. Div. 1949). (Mot. for Recons. 2). *Fox* was a real estate case in which tenants challenged an increase in rent as violating federal rent

control regulations. 66 A.2d 47. A statute had removed the rent control for certain leases made subsequent to June 30, 1947. *Id.* at 50. A class of tenants entered into leases subsequent to June 30, 1947, but the leases themselves bore dates prior to July 1, 1947. *Id.* at 51. The court concluded that the date of the written instrument was not controlling and that actual execution and delivery gave rise to enforceability of the contract, such that rent could increase for those leases entered into subsequent to June 30, 1947. *Id. Fox* is clearly distinguishable, however, from the case at hand. In *Fox*, there was a change in law that affected the nature of the bargain between the parties. By law, leases made after June 30, 1947 were not rent-controlled such that the date on the contract was immaterial. In this case, there was no change in law (or otherwise) similarly indicating that the date on the contract was immaterial; therefore the Court concluded that the guaranty began on the only date included on the contract. (Opinion 7).

Plaintiff next contends that the Court "committed clear legal error" by failing to consider the extrinsic evidence showing that the "date of execution" of the guaranty was not December 4, 2003. It is apparent in the Opinion, however, that the Court did consider this evidence, and then rejected it. (*Id.*). The Court concluded that the language on the face of the contract was unambiguous and demonstrated the parties' intent that the guaranty take effect on December 4, 2003. (*Id.*). As such, it rejected the extrinsic evidence. Plaintiff's claim is merely another attempt to recapitulate an argument the Court already considered.

Finally, Plaintiff claims that the Court overlooked an "elementary rule of summary judgment" by rejecting the declaration of Tai Cho (the "Cho Declaration"). Plaintiff contends that the Court improperly weighed the evidence at the summary judgment stage without offering a basis to reject it. (Mot. for Recons. 3). As stated above, however, it is apparent that the Court considered the Cho Declaration as extrinsic evidence and accordingly rejected it. In addition, the

Court rejected the evidence under the sham affidavit doctrine.  As the Court noted during oral argument, (Transcript of July 13, 2010 Summary Judgment Proceedings at 12:8-13:9), the sham affidavit doctrine precludes a party from offering an affidavit in opposition to a summary judgment motion that contradicts the affiant's prior testimony without a plausible explanation. *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 253-54 (3d Cir. 2007).  The Court concluded in its Opinion that "it appears that the Cho Declaration is offered in an effort to raise questions of fact."  (Opinion 7).  Therefore the Court rejected the evidence.

Accordingly, because Plaintiff has not met the high burden of establishing adequate grounds for reconsideration,

**IT IS** on this 4th day of November, 2010,

**ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.


/s/ JOEL A. PISANO
United States District Judge